IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                  )<br>            Plaintiff,             )<br>                                                  )<br>    vs.                                       )<br>                                                  )<br>CARDELL DEWAYNE JOHNSON, )<br>                                                  )<br>            Defendant.             ) | Case No. 8:08CR234<br><br>REPORT AND<br>RECOMMENDATION |

This case is before the court on the defendant's motions to suppress (#27) and (#28). The motions were heard on January 7, 2009 and the transcript of the hearing (#47) was filed on January 10, 2009. At the conclusion of the January 7, 2009 hearing, I ruled on the record on all issues except the issue involving the failure of the affiant to be sworn and his failure to sign the affidavit and application for issuance of a search warrant (Ex. 1). After reviewing the facts and law of this case, I recommend to the Honorable Laurie Smith Camp that the defendant's motions to suppress be denied.

## FACTUAL FINDINGS

Brian Bogdanoff testified that on April 23, 2008 he was employed by the Omaha Police Department and was involved in the execution of a search warrant (Ex. 1) at the residence of the defendant Cardell Dewayne Johnson. Bogdanoff testified he recalled appearing in front of a county judge in Douglas County, Nebraska to obtain the warrant. He also testified that at that appearance he was sworn (36:8-16).

> On cross-examination Bogdanoff testified:
>
> I'm basing my testimony on the signature of the judge on this affidavit. I don't have specific recollection of conversation during that interaction.
>    ...
>
> Well, I have recollection of the investigation, of the writing of the warrant. I don't know that I have specific recollection of – I'm just trying to think, because it's just come up to me. I have specific mind thought that I had contact with the judge, because the judge has signed this. If you're asking me do I specifically remember, you know, introducing myself, I don't have that.

(37:6-17).

I find Bogdanoff credible and I find that he appeared before the judge who signed the warrant. I also find that Bogdanoff was not sworn and that he did not sign the affidavit and application.

## CONCLUSIONS OF LAW

This case falls squarely within the facts and conclusions of *United States v. Hessman*, 369 F.3d 1016 (8th Cir. 2004), *cert. denied*, 543 U.S. 1072 (2005). Here, as in *Hessman*, we have a law enforcement officer who presented a judge with an affidavit and application for a search warrant, and a search warrant issued absent the officer being sworn and absent the affidavit and application being signed.

The exclusionary rule is designed to deter police misconduct rather than punish the errors of judges and magistrates. In this case, even though the application for the search warrant was unsigned and unsworn, Officer Bogdanoff's reliance on that warrant meets the good-faith requirements of *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). Because I previously found by my ruling on the record that probable cause

existed for the issuance of the warrant, I conclude as the court did in *Hessman* that the failure to fill out completely a warrant application form is "more a clerical error than an indication of bad faith." *United States v. Curry*, 911 F.2d 72, 78 (8th Cir. 1990), *cert. denied*, 498 U.S. 1094 (1991), and that an issuing judge is the final reviewing officer who "must shoulder the ultimate responsibility for clerical error in the warrant." *United States v. Berry*, 113 F.3d 121, 124 (8th Cir. 1997).

Additionally, because the search was legally conducted both as to the existence of probable cause for the issuance of the warrant and the facts surrounding the issuance of the warrant, I find that there are no fruits of a poisonous tree to be suppressed in this case.

## RECOMMENDATION

For the reasons discussed above,

**IT IS RECOMMENDED** to the Honorable Laurie Smith Camp, United States District Judge, that the motions to suppress (#27) and (#28) be denied in their entirety.

Pursuant to NECrimR 57.3, a party may object to this Report and Recommendation by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten (10) business days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be ***reviewed de novo*** and a different disposition made.

**DATED January 23, 2009.**

> BY THE COURT:
>
> s/ F.A. Gossett
> **United States Magistrate Judge**