IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR234 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CARDELL DEWAYNE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion for appointment of counsel in an ancillary matter (Filing No. 98).

At the parties' request, and quoting the exact language from ¶ 5(a) of the plea agreement, the Court recommended to the Bureau of Prisons that the Defendant receive "credit for time served since April 22, 2008." (Filing No. 93.) The Court then denied the Defendant's motion to amend the Judgment, in which the Defendant argued that the Bureau of Prisons declined to credit the Defendant for the requested time because the Court recommended, as opposed to ordered, that the time in question be credited. (Filing Nos. 96, 97.) The motion to appoint counsel followed.

The Bureau of Prisons, not the Court, has authority to credit a defendant for time served. *United States v. Wilson,* 503 U.S. 329, 331-37 (1992) (discussing 18 U.S.C. § 3585(b)). Under appropriate circumstances, a court has authority to, for example, depart downward in a situation in which a defendant is subject to an undischarged sentence. U.S.S.G. § 5G1.3 & application notes. However, in the instant case the Court followed the precise recommendation of the parties within the prescribed limit of the Court's authority to recommend, as opposed to order, credit for time served. No other request was before the Court.

Accordingly,

IT IS ORDERED that the Defendant's motion for appointment of counsel in an ancillary matter (Filing No. 98) is denied.

DATED this 3rd day of December, 2009.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge